SAMUEL KANTOR

*v.*

VINCENZO FRANCESCHELLO et al.

[Decided July 1st, 1913.]

Evidence examined in a foreclosure suit in which the mortgagor defend-
ants set up by answer that they were induced to purchase a moving picture
business and to execute the mortgage in question by fraudulent misrepre-
sentations of the complainant in respect to the moving picture business,
to the effect that at the time of their purchase of the same, it was paying
expenses, and that it had been highly profitable during the preceding
spring and winter; and where the defendants also filed a cross-bill for
the surrender and cancellation of the bond and mortgage, and *held*, that
the defendants had failed to sustain the burden of proof as to the fraud-
ulent misrepresentations charged by them, and that the defendants did not
rely on them, even if made.

On bill to foreclose, and cross-bill.

*Mr. Josiah Dadley* and *Mr. Clifford L. Newman,* for the
complainant.

*Mr. Addison P. Rosenkrans,* for the defendants.

LEWIS, V. C.

This is a bill to foreclose a mortgage. The suit is brought by
Samuel Kantor, who was the mortgagee named in the mortgage,
against Vincenzo Franceschello, Mary A. Mott and Joseph Mott,
her husband. An additional name is in the mortgage, that of
Arcangelo Franceschello, who was the wife of Vincenzo Frances-
chello, but she died prior to the institution of this suit, and as
she and her husband held as tenants by the entirety, the sur-
vivor is now the owner of whatever title he and his wife had; so
that there are now three defendants. The amount of the mort-
gage was $2,316, less the sum of $80, which the complainant
claims has been paid. The mortgage was given by the defendants

to secure a part of the purchase price of a moving picture show, conducted at number 236 Main avenue, in the city of Passaic. The foreclosure of the mortgage in question is resisted by the defendants on the ground that they were induced to purchase the moving picture business and to execute this mortgage by fraudulent misrepresentations of the complainant, and that such fraudulent misrepresentations consisted in the statement that the moving picture business, at the time of their purchase of the same, was paying expenses, and that it had been highly profitable during the preceding spring and winter. The defendants have also filed a cross-bill for the surrender and cancellation of the bond and mortgage.

The defendants admit the due execution and delivery of the bond and mortgage; and the burden of proof as to the fraudulent representations charged by them, rests upon them, before they can, respectively, defend the foreclosure bill or obtain affirmative relief upon their cross-bill.

It is conceded by both parties that the complainant did represent that the business, at the time of the sale, was paying expenses. The defendants claim that the complainant told them that during the preceding spring and winter he had made from sixty to one hundred dollars a week in profits. The complainant denies this, and says that he

"told them merely, that the place was running along nicely, but it was not on a money-making basis just now, but was making expenses, and that if somebody had that place and managed it properly, there was a nice profit to be made there when the season comes along, but that time was no time to make any money."

The complainant further testified that he told them, "Sometimes it pays forty or fifty dollars a week, and sometimes it is not paying anything; it all depends upon the weather."

It appears by the evidence that the complainant had owned the place for five and one-half months.

The court is not satisfied that any fraudulent misrepresentations were made by the complainant to the defendants; certainly, the defendants did not rely on them, even if made.

The court also is satisfied that the defendants elected to treat the property as their own, by continuing to operate the business long after they claimed to have discovered the fraud; and they afterwards sold the goods and chattels.

I will advise a decree in favor of the complainant.